NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 13, 2010[*]
Decided July 13, 2010

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-4072

| | |
|---|---|
| WESLEY I. PURKEY,<br>    *Plaintiff-Appellant.* | Appeal from the United States District<br>Court for the Southern District of Indiana,<br>Terre Haute Division. |
| *v.* | No. 2:08-cv-170-RLY-WGH |
| HELEN MARBERRY and<br>DIANA QUINONES,<br>    *Defendants-Appellees.* | Richard L. Young,<br>*Chief Judge.* |

**O R D E R**

Wesley Purkey, an inmate in the Special Confinement Unit (SCU) at the federal penitentiary in Terre Haute, Indiana, brought this action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that the prison's

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

warden, Helen Marberry, and educational superintendent, Diana Quinones, violated his right of access to courts by refusing to provide him with state legal materials and that Quinones retaliated against him for attempting to obtain those materials. Purkey also contends that the Bureau of Prison's policy excusing federal prisons from maintaining state legal materials is unconstitutional. The district court granted summary judgment to the defendants, and Purkey appeals.

Purkey claims that Marberry and Quinones interfered with his ability to litigate both a suit under 42 U.S.C. § 1983 relating to his confinement in a county facility and a collateral attack on a state felony-murder conviction. This interference, Purkey argues, caused him to lose these cases, so we begin by recounting some details of those suits.

Before his transfer to Terre Haute, Purkey was a state inmate in Wyandotte County, Kansas, and was litigating multiple § 1983 suits against county officials. The federal district court in Kansas consolidated the claims, and with the help of appointed counsel, Purkey continued to pursue them from Terre Haute. The defendants moved for summary judgment, and about a month later the court allowed Purkey's attorney to withdraw, leaving Purkey to oppose the motion on his own. In granting the defendants' motion, the court acknowledged Purkey's pro se status and emphasized that, although he had not complied with local rule 56.1, the decision was based on the merits of his claims. *Purkey v. Green,* Nos. 01-3134-JAR & 99-3356-JAR, 2005 WL 627959 (D. Kan. Feb. 24 2005). The Tenth Circuit affirmed the judgment. *Purkey v. Green,* 164 F. App'x 792, 794 (10th Cir. 2006).

Around the same time, Purkey filed an unsuccessful petition in a Kansas trial court seeking postconviction relief from a state felony-murder conviction. The Court of Appeals of Kansas affirmed, rejecting Purkey's arguments challenging the voluntariness of his plea, the state's compliance with the plea agreement, and the performance of defense counsel. *Purkey v. Kansas*, 131 P.3d 570 (Kan. Ct. App. 2006). Purkey later petitioned for a writ of habeas corpus under 28 U.S.C. § 2254, but the federal district court dismissed the petition as time-barred, *Purkey v. Kansas*, No. 06-3356-SAC, 2007 WL 4144919 (D. Kan. Nov. 19, 2007), and the Tenth Circuit refused to certify an appeal, *Purkey v. Kansas*, 281 F. App'x 824 (10th Cir. 2008).

To prepare himself for the § 1983 proceedings and his collateral attack on his state conviction, Purkey had asked the prison library in Terre Haute to help him obtain various state-law materials, including the Kansas Rules of Civil Procedure. He noted in his requests that he needed the materials for his ongoing § 1983 litigation, but apparently he did not mention the collateral attack on his state conviction. In response, prison officials cited Bureau of Prisons Program Statement 1315.07 and informed Purkey that the library was not required to provide inmates with materials pertaining to state law. The defendants

nevertheless attempted to accommodate Purkey's requests, but he refused to either accept printed results from an electronic search or pay for the copies. Purkey admits that library staff offered him portions of the Kansas rules but says he refused them because they were irrelevant to his litigation. Purkey further claims that he orally complained about this decision to both Quinones and her supervisors, and Quinones told him that, if he wanted the materials, he would have to try to get them for himself.

After the prison library refused his requests, Purkey turned to a local law school for help, but his efforts were again stymied. A clinical professor did send numerous state-law materials to the prison with a request that they be placed in the SCU library, but the donations did not include the specific materials Purkey had requested and they were not placed in the SCU. Instead, Quinones put them in the main library, where SCU inmates could access them only by written request. Purkey filed an administrative complaint challenging this decision, asserting that Quinones had retaliated against him by "confiscating" these books and that the action had caused him to overlook the filing rules pertaining to his § 1983 suit. Purkey's administrative appeal was denied at every stage, and each time he received the same response: Nonreligious donations must be available to all inmates, and because the SCU is segregated from the general population, the materials had to be placed in the main library. In her motion for summary judgment, Quinones added that the materials were not confiscated; the law school had donated them to the prison and not to Purkey.

When Purkey filed his initial complaint in this case, he named six defendants, and asserted a challenge to the conditions of his confinement under the Eighth Amendment, in addition to the access-to-courts claims and retaliation claim that are part of this appeal. The district court dismissed the case at screening, *see* 28 U.S.C. § 1915A, reasoning that the allegations were unrelated and thus should be raised in separate suits. The court invited Purkey to amend his complaint and pursue separate litigation raising any claims he excised from his amended pleadings. He complied with the court's instruction and amended his complaint to focus on his denied access to courts, arguing both that he was injured by the prison's refusal to provide him with state legal materials and that the prison policy condoning this response was unconstitutional on its face. Purkey also persisted with his retaliation claim against Quinones, but he dropped his challenge under the Eighth Amendment.

The district court granted summary judgment in favor of Marberry and Quinones. The court found that Purkey's inability to access the Kansas materials had not harmed him, so he could not establish a claim of denied access. The court also rejected Purkey's retaliation claim, concluding that Purkey's complaints about Quinones had not motivated her conduct. Although Purkey had dropped his Eighth Amendment claim from his

amended pleadings, the court nonetheless ruled against him on this issue, concluding that he had not shown that conditions of his confinement were unconstitutional.

On appeal Purkey first challenges the district court's conclusion that he had not suffered an injury sufficient to establish a violation of his right to access to courts. Courts have long recognized an inmate's right of meaningful access to courts, *see Bounds v. Smith*, 430 U.S. 817, 822-23 (1977); *Lehn v. Holmes*, 364 F.3d 862, 865-66 (7th Cir. 2004), but that right is violated only when an inmate is deprived of access *and* suffers an injury as a result of the deprivation, s*ee Lewis v. Casey*, 518 U.S. 343, 349 (1996); *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009). To establish an "actual injury," an inmate must show that an attempt to pursue nonfrivolous litigation was hindered by unjustified acts or conditions caused by the defendants. *See Tarpley v. Allen County*, 312 F.3d 895, 899 (7th Cir. 2002). To satisfy the "actual injury" requirement, Purkey points to his failed efforts to litigate his § 1983 suit and his collateral challenge to his state murder conviction. But Purkey has not shown injury in either case. The federal district court in Kansas ruled against Purkey because his § 1983 claims lacked merit and not because he failed to comply with a procedural requirement. And the state courts rejected Purkey's claims because he failed to produce evidence supporting his arguments. Nothing in the Kansas Rules of Civil Procedure or any other book relating to state law could have changed these results. Because these adverse decisions were unrelated to any harm caused by Purkey's inability to access state-law materials, he failed to show that the defendants violated his right to access the courts. *See Simkins v. Bruce*, 406 F.3d 1239, 1244 (10th Cir. 2005) (recognizing no actual injury where underlying case is decided for reasons "logically and practically unrelated" to alleged unjustified acts); *Deleon v. Doe*, 361 F.3d 93, 94 (2d Cir. 2004) (same).

Purkey also attacks the policy excusing federal prisons from providing state legal materials, claiming that it is unconstitutional on its face because it precludes inmates from meaningful participation in state-court litigation. Although the policy may be harsh, Purkey's claim is doomed by the fact that he has not suffered any actual injury. In *Lewis* the Supreme Court held that a prisoner has no standing to claim a violation of his right of access to the courts unless he can point to an actual injury. 518 U.S. at 349-51 (1996); *see, e.g.*, *Cunningham v. Dist. Attorney's Office*, 592 F.3d 1237, 1271 (11th Cir. 2010); *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007). Because Purkey's lack of access to state-law materials did not hinder his efforts in either of the cases he mentions, and because he has not pointed to any other litigation he might have pursued, he lacks standing to challenge the policy's constitutionality. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Bridges v. Gilbert*, 557 F.3d 541, 553-54 (7th Cir. 2009).

Purkey next argues that the district court erroneously granted summary judgment on his retaliation claim against Quinones by applying the wrong standard and ignoring

disputed questions of fact. To establish a claim of retaliation under the First Amendment, Purkey needed to show that (1) he engaged in a protected activity, (2) he suffered a deprivation likely to prevent future protected activities, and (3) there was a causal connection between the two. *See Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010). Purkey maintains that Quinones placed the donated books in the main prison library in retaliation for his complaints about her refusal to help him obtain state-law materials. Although the filing of administrative grievances is protected conduct, *see Pearson v. Welborn*, 471 F.3d 732, 740 (7th Cir. 2006), Purkey's retaliation claim fails because he has not established a causal link between his complaints and Quinones's actions. Quinones said she put the donated books in the main library so that they could be used by all inmates, and Purkey has done nothing to undermine this justification. Moreover, it is apparent that at least one of Purkey's complaints about Quinones came *after* she put the books in the main library. To the extent that this complaint is the basis of Purkey's retaliation claim, Quinones could not have retaliated against Purkey for an action he had not yet taken.

And this would end matters but for the district court's handling of Purkey's amended complaint. Purkey argues that the court erroneously required him to amend his complaint and then wrongly decided the Eighth Amendment claims that he had dropped from his pleadings. The first argument is without merit: "Unrelated claims against different defendants belong in different suits," *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), and the district court properly refused to consider unrelated claims together. But Purkey's second argument is correct. The amended complaint did not challenge the conditions of his confinement, and because that version of the complaint superseded the original, *see French v. Wachovia Bank*, 574 F.3d 830, 835 (7th Cir. 2009), the district court wrongly addressed an issue that was not presented. *See Collins v. Kibort*, 143 F.3d 331, 335 (7th Cir. 1998). We therefore VACATE the portion of the judgment relating to Purkey's claims under the Eighth Amendment and REMAND for the sole purpose of excising that discussion. The remainder of the district court's judgment is AFFIRMED.